■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS A. STEVENS, Appellant.—Judgment unanimously affirmed. Memorandum: Three issues are raised by defendant-appellant upon this appeal, to wit (1) that the facts do not as a matter of law bring the case within the statute defining reckless murder under circumstances evincing a depraved indifference to human life (Penal Law, § 125.25, subd 2), (2) that the People failed to prove beyond a reasonable doubt that defendant possessed substantial capacity to know and appreciate the consequences of his acts and that he knew his conduct was wrong, and (3) that defendant's confession ruled voluntary and admissible following a *Huntley* hearing was obtained after confrontation with evidence illegally seized from defendant's room, hence the confession was a fruit of the forbidden tree. There was nothing in defendant's suppression hearing testimony which tended to establish an inducement to defendant to make oral and written admissions after being confronted with items illegally seized. It is clear from the evidence that the motivation and inducement for defendant's confession emanated from the incriminating statements concerning the homicide made by his roommate Harold Evans and others. Apparently feeling trapped by these incriminating statements he attempted to mitigate the severity of the forthcoming criminal charge by statements which he felt would reduce his culpability to manslaughter. The testimony presents no plausible connection with respect to the issue of inducement between the illegally seized items and the oral and written admissions, hence, the statements were properly ruled voluntary and admissible upon the trial. Based upon the psychiatric testimony and all the evidence in the case, the court properly found that the prosecution established its burden of proving beyond a reasonable doubt that defendant was not insane within the meaning of section 30.05 of the Penal Law and it properly found defendant guilty of murder in violation of subdivision 2 of section 125.25 of the Penal Law as charged in the second count of the indictment. The evidence, particularly as related in the testimony of Dr. Lehotay, the Chief Medical Examiner, shows multiple severe and brutal injuries to the person of the victim inflicted with great force and violence on vital areas of her body. The injuries to her brain causing a hemorrhage to the cortex, one-half inch laceration behind her ear two and one-half inches long, a two and a quarter inch laceration practically tearing

the ear from its base, a marked swelling of six inches by five and one-half inches with reddish-bluish discoloration of the right side of the face and ear, swollen lips with lacerations on both upper and lower lips, an upper incisor tooth broken out of her mouth, together with strangulation imposed by such force as to fracture the larynx, especially when there is no evidence whatever of any form of resistance on the part of a young 17-year-old girl, established an assault of such a character as to evidence a depraved indifference to human life and conduct recklessly engaged in which created a grave risk of death to the victim. The conduct of the defendant established in the record which resulted in the victim's death demonstrates a brutality, callousness and inhumanity which reaches the degree of culpability outlined in *People v Poplis* (30 NY2d 85) and as defined by the statute and fully supports the charge of which defendant was found guilty. (Appeal from judgment of Supreme Court, Erie County, convicting defendant of murder.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.