THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS OSBURN, Appellant

 Memorandum: Following a nonjury trial, the court found defendant not guilty of intentional murder (Penal Law § 125.25 [1]) but guilty of depraved mind murder (Penal Law § 125.25 [2]) resulting from the death of a nine-year-old daughter of defendant's female friend. The evidence presented fully supports a finding that defendant recklessly engaged in conduct which created a grave risk of death to the victim and caused her death. The proof is insufficient, however, to demonstrate that defendant engaged in such conduct "[u]nder circumstances evincing a depraved indifference to human life" (Penal Law § 125.25 [2]).

The victim's death resulted from massive internal hemorrhaging of the liver and bowel caused by a significant blow to her abdominal region. Death did not occur until several hours

after the trauma and in the interim, the victim was seen eating a sandwich and moving about the house. Defendant's incredible explanation of how and when the blow to the victim's abdominal area occurred was wholly refuted by the medical proof and was rejected by the trial court. The false explanation, and his statement at the scene that "they have got me now," demonstrate defendant's guilty knowledge. When viewed in light of all of the other evidence, the finding that defendant struck the fatal blow is amply supported.

There is no other evidence, however, from which it can be determined that defendant's conduct was so gross, so wicked, so extremely cruel, or so vicious or prolonged as to demonstrate a depraved killing (cf. *People v Poplis,* 30 NY2d 85; *People v Millson,* 93 AD2d 899; *People v McNeeley,* 77 AD2d 205; *People v Arca,* 72 AD2d 205; *People v Lilly,* 71 AD2d 393). The failure of defendant to have sought medical treatment for the victim between the time of the fatal blow and several hours later when the victim suffered cardiac arrest is not, in light of all of the evidence, sufficient to raise defendant's crime to depraved indifference murder (see, *People v Northrup,* 83 AD2d 737).

On this record, there is sufficient evidence to demonstrate beyond a reasonable doubt that defendant recklessly caused the death of the victim. The judgment is modified, therefore, to find defendant guilty of manslaughter in the second degree (Penal Law § 125.15 [1]). (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J.—murder, second degree.) Present—Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.