■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIZABETH SIKA, Appellant.—Judgment unanimously modified on the law and as modified affirmed in accordance with memorandum, and defendant remanded to Supreme Court, Onondaga County, for resentencing. Memorandum: Following a jury trial, defendant was convicted of murder in the second degree in that "[u]nder circumstances evincing a depraved indifference to human life, [s]he recklessly engage[d] in conduct which create[d] a grave risk of death to another person, and thereby cause[d] the death of another person" (Penal Law § 125.25 [2]). We find the evidence legally insufficient to support a conviction of depraved indifference murder and, accordingly, we modify the judgment by reducing the conviction to manslaughter in the second degree (Penal Law § 125.15 [1]) and defendant remanded to Supreme Court, Onondaga County, for resentencing.

The objective circumstances evincing a depraved indifference to human life are not part of the *mens rea* or *actus reus* of the crime; instead, they constitute a description or definition of the factual setting in which the conduct must occur *(People v Register,* 60 NY2d 270, 276). These objective circumstances elevate a homicide from manslaughter to murder *(People v Register, supra,* at 278; *see also, People v Le Grand,* 61 AD2d 815, *cert denied* 439 US 835) and must be " 'so wanton, so deficient in a moral sense of concern, so devoid of regard of the life or lives of others, and so blameworthy' " as to warrant the same criminal liability that is imposed for an intentional murder *(People v Fenner,* 61 NY2d 971, 973; *see also,* Byrn, *Homicide Under the Proposed New York Penal Law,* 33 Fordham L Rev 173, 186-187). The defendant's month-old son died of malnutrition and dehydration. We conclude that by failing to provide adequate food and nourishment to her infant son and by failing to seek medical assistance, defendant recklessly caused his death *(see, People v Stubbs,* 122 AD2d 91), but there is no evidence that defendant's conduct was purposeful *(cf., State v Crocker,* 435 A2d 58 [Me])

or so brutal, callous or wanton that it evinced a depraved indifference to human life *(see, People v Poplis,* 30 NY2d 85; *People v Stevens,* 51 AD2d 659).

Although the trial court erred by admitting evidence that two of defendant's children previously had been placed in foster care and had been adopted, there was no significant probability that, in the context of a charge of manslaughter in the second degree, the jury would have acquitted defendant of that charge, and the error was harmless *(People v Crimmins,* 36 NY2d 230, 241-242). The court properly admitted evidence that those children were hospitalized for malnutrition because such evidence was relevant on the issue of defendant's awareness of the risk of death and conscious disregard of that risk. Evidence of placement in foster care was cumulative and of dubious relevance on the issue of recklessness.

The trial court did not err by admitting photographs of the deceased child *(People v McNeeley,* 77 AD2d 205, 211; *People v Arca,* 72 AD2d 205, 207). The remaining issues raised by defendant were not preserved for our review, and we decline to exercise our discretion to review them in the interests of justice (CPL 470.15 [6]). (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—murder, second degree.) Present—Dillon, P. J., Doerr, Green, Balio and Lawton, JJ.