■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA SALLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered June 25, 1987, convicting her of murder in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction for murder in the second degree to manslaughter in the second degree, and vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing. No questions of fact have been raised or considered.

In the summer of 1986, three-year-old Kenneth Crespo was living with the defendant and Jay Taylor in a household that also included five other children. Kenneth was the son of Taylor's estranged wife and another man. Throughout the time he was living there, Kenneth was subjected to periodic and brutal beatings by Taylor. Many of these beatings were committed with the use of a plastic baseball bat or a leather belt. The beatings culminated in an incident on or about August 18, 1986, during which time Taylor crushed Kenneth's leg with his foot, fracturing his femur. After this latter assault, Kenneth was unable to walk.

Kenneth was taken to the hospital two days later by Taylor and the defendant. When they arrived, Kenneth was not breathing and efforts to resuscitate him proved unsuccessful.

The medical examiner who performed the autopsy on Kenneth's body observed approximately 70 bruises on the body. The fractured femur, internal bleeding and lacerations of various internal organs were also observed. According to the medical examiner, Kenneth's death resulted from a combina-

tion of the fracture, internal bleeding, and various wounds to the body, many of which were caused by a blunt instrument.

The defendant was convicted of murder in the second degree under Penal Law § 125.25 (2). That section provides that a person is guilty of murder in the second degree when, "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person".

The evidence, when viewed in a light most favorable to the prosecution, was legally insufficient to support the conviction for murder in the second degree beyond a reasonable doubt (see, People v Contes, 60 NY2d 620). There was no evidence adduced at trial from which the jury could have concluded that the defendant was acting as Taylor's accomplice when Taylor inflicted the fatal beating on Kenneth (see, People v Veneziano, 123 AD2d 725). Moreover, the defendant's failure to intercede on Kenneth's behalf, as well as her failure to obtain prompt medical attention, do not support her conviction of murder in the second degree (People v Sika, 138 AD2d 935, 936; see also, People v Osburn, 124 AD2d 1048; People v Northrup, 83 AD2d 737).

However, the evidence did prove beyond a reasonable doubt that the defendant had assumed the parental obligations of care for Kenneth (cf., People v Lilly, 71 AD2d 393). It was also established beyond a reasonable doubt that she was aware of and consciously disregarded substantial and unjustifiable risk of the child's death in failing to secure medical attention for him during the time that he was being physically abused by Taylor. The testimony of the medical examiner, indicating the clear manifestations of that abuse, was "sufficient to show that the defendant could not have failed to perceive the grave risk [her] conduct created" (People v Stubbs, 122 AD2d 91, 92). Accordingly, the judgment is modified by reducing the conviction for murder in the second degree to manslaughter in the second degree (Penal Law § 125.15 [1]; People v Sika, 138 AD2d 935, supra; People v Osburn, 124 AD2d 1048, supra).

The defendant contends that the court's discharge of two jurors was in error. We disagree. Both of these jurors had separately communicated with the court and had informed the court that they were ill and unable to continue as jurors. The court made a reasonably thorough inquiry of the jurors with respect to the nature of their illnesses and recited on the record its reasons for invoking the statutory authorization of

CPL 270.35. Accordingly, there was no error with respect to the discharge of these jurors *(People v Page,* 72 NY2d 69).

The defendant did not object to those portions of the court's charge which she now claims were improper. Accordingly, any claim of error with respect to the charge is not preserved for appellate review (CPL 470.05 [2]; *People v Contes,* 60 NY2d 620, 621, *supra; People v Tucker,* 55 NY2d 1, 9; *People v Beasley,* 114 AD2d 415, 416).

In addition, no objections were made at trial with respect to any of the alleged instances of prosecutorial misconduct during summation. Hence, any claim of error in that regard is not preserved for appellate review (CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818).

Finally, the defendant argues that the sentence imposed with respect to her murder conviction was excessive. In view of our modification of the judgment of conviction, the defendant's argument in this respect is academic. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.