■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY QUINONES, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered July 2, 1987, convicting defendant of murder in the second degree and tampering with physical evidence, upon a jury verdict, and sentencing him to 25 years' to life imprisonment on the murder conviction and to a consecutive 1⅓-to-4-year term on the other charge, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), a rational trier of fact could have found that the evidence that the defendant viciously beat a three-year-old child, resulting in multiple contusions of the abdomen, face, scalp, scrotum, extremities and intestines, and bound the body and threw it into the East River, overwhelmingly established that the defendant was guilty of depraved indifference murder (see, Penal Law § 125.25 [2]). The issues of credibility were for the trier of fact to determine (People v Mosley, 112 AD2d 812, affd 67 NY2d 985).

The evidence on the record supports the conclusion of the Judge presiding at the suppression hearing that the statements made by defendant to a detective at the station, acknowledging his involvement in the death of the child, were not suppressible since they were preceded by proper Miranda warnings and a knowing, intelligent, voluntary waiver of defendant's rights, accomplished without the use of trickery, deception, threats or promises (Miranda v Arizona, 384 US 436).

We further find that the photographs of the dead child were properly admitted into evidence, since the People introduced the photographs to demonstrate that the defendant acted with a depraved indifference to human life, an element of the crime with which he was charged (People v Pobliner, 32 NY2d 356, 369-370, cert denied 416 US 905).

Defendant's remaining arguments are either unpreserved for appellate review or without merit, nor was defendant's sentence excessive. Concur—Kupferman, J. P., Carro, Asch, Kassal and Rosenberger, JJ.