■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYRIA BEST, Appellant. [609 NYS2d 478] —Judgment affirmed. Memorandum: On appeal from a judgment convicting defendant of murder in the second degree pursuant to Penal Law § 125.25 (2), defendant's primary contention is that the proof was insufficient to establish the essential elements of recklessness, depraved indifference to human life, and causation. Reviewing the evidence in the light most favorable to the People, and indulging all reasonable inferences in their favor *(People v Ford,* 66 NY2d 428, 437; *People v Malizia,* 62 NY2d

755, 757, *cert denied* 469 US 932), we conclude that the evidence is sufficient to establish defendant's guilt of depraved indifference murder. Defendant was convicted of acts (repeated beatings) and omissions (failure to obtain medical attention) leading to the death of her nine-year-old son Glenroy on August 9, 1981. On the issue of causation, the People's proof established that repeated severe beatings inflicted by defendant caused large open wounds on the boy's legs and buttocks and that streptococcus bacteria entered the body through those wounds, resulting in septicemic infection (blood poisoning). The proof additionally established that the septicemia led to a weakening of the boy's physical and mental condition and, ultimately, to the boy's loss of consciousness and death. It is clear that defendant's beatings of the boy and failure to obtain medical attention for him caused his physical deterioration. Finally, the medical proof established that the boy was so sickened by septicemia that he vomited, and was so weakened that he was unable to expel his vomit, thus causing his death by asphyxiation. The People's proof thus established the element of causation with sufficient directness and relative certainty to support a determination of criminal liability against defendant. In sum, defendant's actions and omissions " 'forged a link in the chain of causes which actually brought about the death' " *(Matter of Anthony M.,* 63 NY2d 270, 280, quoting *People v Stewart,* 40 NY2d 692, 697; *see also, People v Kane,* 213 NY 260, 270-273).

Similarly, the People's proof is sufficient to establish that defendant acted recklessly, i.e., that she perceived a grave risk of death and that her conscious disregard of that risk constituted a gross deviation from the standard of reasonable care *(see,* Penal Law § 15.05 [3]; *People v Kern,* 75 NY2d 638, 658, *cert denied* 498 US 824; *People v Montanez,* 41 NY2d 53, 56). The proof established that defendant was aware of the boy's extreme weakness in the week before the boy died, but nevertheless administered a relentless series of severe beatings with belts. Defendant was repeatedly advised that her disciplinary methods were inappropriate and dangerous, and was aware of the possibility that the boy might have sustained internal injuries that required medical attention. The proof established that she ignored observable symptoms of severe illness prior to the boy's death. In our view, the jury reasonably inferred from the circumstances that defendant, by her actions and

omissions, consciously disregarded a grave risk of death and grossly deviated from the standard of reasonable care.

Finally, defendant contests the sufficiency of the evidence to establish that she acted under circumstances evincing a depraved indifference to human life. To support that element, which refers to the wantonness of defendant's conduct, the People were required to establish that, under the circumstances, defendant's act was imminently dangerous and presented a high risk of death such that it evidenced a wanton indifference to human life or a depravity of mind (see, People v Register, 60 NY2d 270, 274-277, cert denied 466 US 953). We determine that the jury reasonably concluded that defendant evinced a depraved indifference to her son's life. Defendant's repeated beatings of her sick and helpless son evinced depraved indifference and was such a wanton act as to be equivalent to intentional murder. Further, defendant's failure to seek medical attention for the boy was, under the circumstances, equally wanton.

With respect to the remaining issues raised by defendant, we conclude that she has failed to preserve any objection to the prosecutor's summation, and that it constituted fair comment on the evidence and fair response to defense counsel's summation. Defense counsel expressly waived any requirement that the court marshall the evidence and relate the facts to the relevant legal principles, and failed to preserve any objection to the court's supplemental instructions, which were appropriate and responsive to the jury's request. Finally, the court did not abuse its discretion in sentencing defendant to 25 years to life.

All concur except Green and Lawton, JJ., who dissent in part and vote to modify in the following Memorandum.

Green and Lawton, JJ. (dissenting in part). We respectfully dissent in part. The evidence, viewed in the light most favorable to the People, does not support the conclusion that the objective circumstances surrounding defendant's conduct evince the depraved indifference to human life necessary to sustain the murder conviction (cf., People v Roe, 74 NY2d 20, 25). Although the proof established that defendant's conduct both created a "substantial * * * risk" of death (Penal Law § 15.05 [3]) and caused the victim's death (see, Penal Law § 125.15 [1]), the People failed to show that defendant's acts and omissions were "imminently dangerous and present[ed] a grave risk of death" (People v Roe, supra, at 24; see also, Penal Law § 125.25 [2]) and that they were "committed under cir-

cumstances which evidenced a wanton indifference to human life or a depravity of mind" *(People v Register,* 60 NY2d 270, 274).

There is no question that defendant regularly beat the victim on his legs and buttocks. The medical experts unanimously agreed, however, that the beatings did not and would not have resulted in his death *(cf., People v Poplis,* 30 NY2d 85; *People v Quinones,* 155 AD2d 244, *lv denied* 75 NY2d 774). The experts also shared the view that the symptoms of septicemia, the condition that ultimately led to the boy's vomiting and death by asphyxiation, mimic those of common childhood ailments—i.e., fever, fatigue, nausea, headache and soreness. Defendant failed to seek medical attention when the boy exhibited those relatively unexceptional symptoms. She did, however, attempt to treat him with aspirin, baths and bed rest and she monitored his temperature. Defendant also treated the boy's underlying wounds with salve.

Although defendant's actions were horrendous, this is not a case where the defendant exhibited no regard for the victim and callously left him to die *(cf., People v Kibbe,* 35 NY2d 407). Although defendant's attempts to treat the boy were ineffectual, defendant's efforts demonstrated some concern for the boy's welfare. In light of all the circumstances, defendant's conduct was not " 'so wanton, so deficient in a moral sense of concern, so devoid of regard of the life or lives of others, and so blameworthy as to warrant the same criminal liability as that which the law imposes upon a person who intentionally causes the death of another' " *(People v Fenner,* 61 NY2d 971, 973; *see also, People v Sika,* 138 AD2d 935, *lv denied* 72 NY2d 866; *People v Osburn,* 124 AD2d 1048; 2 CJI[NY] PL 125.25 [2], at 218). We would modify the judgment, therefore, by reducing the conviction to manslaughter in the second degree *(see, People v Sika, supra)* and remit the matter to County Court for sentencing on the reduced charge. (Appeal from Judgment of Oneida County Court, Buckley, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Lawton, Callahan and Doerr, JJ.