**Serge CHERY, Petitioner–Appellee,**

v.

**John ASHCROFT, United States Attorney General, Respondent–Appellant.**

**Docket No. 02–2652.**

United States Court of Appeals, Second Circuit.

Argued: Sept. 8, 2003.

Decided: Oct. 17, 2003.

Janice K. Redfern, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. (Robert D. McCallum, Jr., Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C.; Christopher C. Fuller, Senior Litigation Counsel, United States Department of Justice, Washington, D.C.) for Respondent–Appellant.

Michael G. Moore, Springfield, MA, for Petitioner–Appellee.

Before: VAN GRAAFEILAND, McLAUGHLIN and CABRANES, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Serge Chery was convicted of Sexual Assault in the Second Degree in violation of Conn. Gen.Stat. § 53a–71. Based on Chery's conviction, the Immigration and Naturalization Service ("INS") held a removal hearing. The Immigration Judge ("IJ") found that Chery's conviction was an aggravated felony (more specifically, a "crime of violence") under 8 U.S.C. § 1101(a)(43)(F). The Board of Immigration Appeals ("BIA") affirmed, finding that the Connecticut statute, " § 53a–71, by its nature, involves substantial risk that phys-

ical force against the victim may be used in the course of committing the offense."

The United States District Court for the District of Connecticut (Dorsey, *J.*) granted Chery's *habeas* petition pursuant to 28 U.S.C. § 2241, holding that Chery's conviction does not constitute a crime of violence. The Government appeals.

We conclude that Chery's conviction under Conn. Gen.Stat. § 53a–71 is a crime of violence under 18 U.S.C. § 16(b). It therefore constitutes a removable "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). Accordingly, we REVERSE the district court's grant of Chery's *habeas* petition.

## BACKGROUND

Serge Chery is a citizen of Haiti and a lawful permanent resident of the United States. In 1998, he was arrested upon a complaint by the mother of a 14–year–old girl that Chery, then 33 years old, had sexually assaulted her daughter. The victim told police that Chery had picked her up on several occasions and driven her to his apartment where they had sexual intercourse.

Chery was convicted of second degree sexual assault in violation of Conn. Gen. Stat. § 53a–71. He was sentenced to 5 years' imprisonment, with 18 months to serve and 10 years' probation.

Based on Chery's conviction, the Immigration and Naturalization Service ("INS") informed Chery that he was subject to deportation as an alien convicted of an aggravated felony. Chery's removal hearing was held before an Immigration Judge ("IJ") who found that Chery was removable because his sexual assault conviction constituted an aggravated felony (more specifically, a "crime of violence") under 8 U.S.C. § 1101(a)(43)(F).

Chery appealed to the Board of Immigration Appeals ("BIA") claiming that second degree sexual assault under § 53a–71 is not a "crime of violence" as defined by 18 U.S.C. § 16(b). The BIA dismissed Chery's appeal and found that Chery's conviction did constitute a crime of violence because " § 53a–71, by its nature, involves a substantial risk that physical force against the victim may be used in the course of committing the offense."

Chery filed a *habeas* petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Connecticut (Dorsey, *J.*). The district court granted the petition, ruling that Chery's felony conviction did not constitute a crime of violence. Utilizing the so called "categorical approach," the court determined that § 53a–71 "does not inherently involve use of force, nor may ... the use of force ... be inferred." *Chery v. Ashcroft,* No. 3:01 CV 1883, 2002 U.S. Dist. LEXIS 26034, *6, *10–11 (D.Conn. May 21, 2002) (internal citation omitted).

The district court granted the Government's motion for reconsideration, but adhered to its original ruling and denied the Government's request for a stay pending appeal.

## DISCUSSION

### I.  *Relevant Statutes*

Any alien who is convicted of an "aggravated felony" after admission to the United States may be deported. 8 U.S.C. § 1227(a)(2)(A)(iii). Twenty-one aggravated felonies are specified in various subsections of 8 U.S.C. § 1101(a)(43). Subsection (F) thereof identifies one such "aggravated felony" as a "crime of violence" for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(F). "Crime of violence" is, in turn, defined in Title 18 as:

(b) any ... offense that is a felony and that, *by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*

18 U.S.C. § 16 (emphasis added).

■ A "crime of violence" under § 16(b) has two elements: (1) a crime that is a felony; and (2) a crime that, "by its nature, involves a substantial risk that physical force" may be used. *Sutherland v. Reno*, 228 F.3d 171, 175 (2d Cir.2000). Chery cannot dispute that he was convicted of a felony. He maintains, however, that his conviction under § 53a–71 of the Connecticut statute does not involve a substantial risk of physical force.

Section 53a–71 prohibits sexual intercourse with individuals who are: (1) thirteen years of age or older and under sixteen years of age (where the defendant is at least two years older); or (2) mentally incapacitated and unable to consent; or (3) physically helpless; or (4) under eighteen years of age (where the defendant is the victim's guardian). It also prohibits sexual intercourse between individuals in positions of influence over their victims (*e.g.*, patient-psychotherapist).

## II. *Jurisdiction*

■ Chery filed a *habeas* petition pursuant to 28 U.S.C. § 2241. Section 2241(c)(3) permits federal courts to entertain *habeas* petitions from federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." *See Jiminian v. Nash*, 245 F.3d 144, 147 (2d Cir.2001).

Judicial review of final orders of removal against aliens who are removable based upon a conviction of an aggravated felony is generally prohibited. *See* 8 U.S.C. § 1252(a)(2)(C); *Jobson v. Ashcroft*, 326 F.3d 367, 371 (2d Cir.2003); *Dalton v.*

*Ashcroft*, 257 F.3d 200, 203–04 (2d Cir. 2001). We retain residual jurisdiction, however, to determine whether Chery has been convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(F), as defined by 18 U.S.C. § 16. *Jobson*, 326 F.3d at 371 (citations omitted).

■ Because the BIA is charged with administering the Immigration and Nationality Act ("INA"), its interpretation of the INA's provisions must be granted deference. *See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). However, we review its interpretation of federal or state criminal statutes *de novo*. *See Dalton*, 257 F.3d at 203; *Michel v. INS*, 206 F.3d 253, 263 (2d Cir.2000).

This case requires us to decide whether the state crime of sexual assault in the second degree under § 53a–71 is a "crime of violence" as defined in the federal criminal code, 18 U.S.C. § 16. As such, we review *de novo* whether Conn. Gen.Stat. § 53a–71 is a crime of violence. *See Dalton*, 257 F.3d at 203.

## III. *Categorical Approach*

■ This Court follows what has been termed a "categorical approach" to determine whether an offense is a crime of violence within the meaning of § 16(b). *Jobson*, 326 F.3d at 371; *Dalton*, 257 F.3d at 204. Under this rubric, we focus on the "intrinsic nature of the offense rather than on the factual circumstances surrounding any particular violation." *Dalton*, 257 F.3d at 204. Accordingly, "only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant." *Id.* (internal quotation marks omitted).

## IV. *Crime of Violence*

■ The risk of physical force in § 16(b) "concerns the defendant's likely

use of violent force as a means to an end." *Jobson*, 326 F.3d at 373. We have found that § 16(b) "refers only to those offenses in which there is a substantial likelihood that the perpetrator will intentionally employ physical force." *Dalton*, 257 F.3d at 208 (internal quotation marks omitted).

In finding that second-degree manslaughter under N.Y. Penal Law § 125.15 (requiring only recklessness) was not a crime of violence, this Court rejected the argument "that an offense satisfies section 16(b) as long as *many* (but not all) convictions involve a substantial risk of the use of force." *Jobson*, 326 F.3d at 374 (examining N.Y.P.L. § 125.15(1)). We stressed in *Jobson* that even "passive conduct or omissions alone are sufficient for conviction" under the statute. *Id.* at 373. For example, failure to feed a child, *People v. Stubbs*, 122 A.D.2d 91, 504 N.Y.S.2d 235 (2d Dep't 1986), or failure to provide medical care to a child beaten by someone else, *People v. Salley*, 153 A.D.2d 704, 544 N.Y.S.2d 680 (2d Dep't 1989), resulted in convictions for second-degree manslaughter under New York law. The Connecticut statute at issue here is distinguishable, however, in that a conviction requires *affirmative* conduct by the defendant (namely, sexual intercourse with a protected individual).

In determining that the felony of driving while intoxicated was not a "crime of violence" warranting removal, we observed that, "a defendant can be found guilty of driving while intoxicated even if he or she is asleep at the wheel of a car whose engine is not running and evidence is adduced at trial that the vehicle never moved." *Dalton*, 257 F.3d at 205 (examining N.Y.V.T.L. § 1192.3). Accordingly, we noted that a person could be convicted under the statute "even when there is no risk that force may be used ...." *Id.*

In this case, however, although a conviction may be obtained under § 53a–71 for consensual sexual intercourse and force may not be present in all circumstances, the *risk* of the use of force is inherent in each of the offenses set forth in the statute. "It matters not one whit whether the risk ultimately causes actual harm." *United States v. Rodriguez*, 979 F.2d 138, 141 (8th Cir.1992). All that is required by § 53a–71, is that there be "a substantial risk that force *may* be used" to accomplish sexual intercourse with the victim. *Sutherland*, 228 F.3d at 176.

Because § 53a–71 specifically criminalizes consensual sexual intercourse, a defendant may be convicted where no actual force is used—for instance, where a 17–year–old male is convicted for having sexual intercourse with his 15–year–old girlfriend. Doubtless, cases can be imagined where a defendant's conduct does not create a genuine probability that force will be used, but the *risk* of force remains inherent in the offense. Burglary, for example, has been held to constitute a crime of violence even though in the particular case the defendant's conduct does not create a risk that force will be used—*i.e.*, entering through a wide-open door when no one is inside. *See Jobson*, 326 F.3d at 373 (noting that "burglary is a crime of violence even though no force is used in a particular instance, because 'a burglar of a dwelling *risks having to use force* if the occupants are home and hear the burglar'") (quoting *United States v. Parson*, 955 F.2d 858, 866 (3d Cir.1992) (emphasis added)).

Recognizing that § 53a–71 criminalizes sexual intercourse with a victim who is unable to give consent, we are persuaded that—when the victim cannot consent—the statute *inherently* involves a substantial risk that physical force may be used in the course of committing the offense. In short, because of the disparate ages of the

defendant and the victim, or the mental incapacity or physical helplessness of the victim, or the defendant's position of authority over the victim, the crime, *semper et ubique,* includes a substantial risk of physical force.

In cases involving sexual crimes against children, courts have repeatedly recognized a substantial risk that physical force will be used to ensure compliance. *United States v. Velazquez–Overa,* 100 F.3d 418 (5th Cir.1996), is illustrative. There the court held that the offense of indecency with a child by sexual contact (Texas Penal Code § 21.11), constituted a "crime of violence" under 8 U.S.C. § 16(b). *Id.* at 421–22. In holding that this offense (which applied only to child victims under the age of seventeen) inherently involved a substantial risk that physical force would be used, the court reasoned:

> [I]t is obvious that such crimes … are generally perpetrated by an adult upon a victim who is not only smaller, weaker, and less experienced, but is also generally susceptible to acceding to the coercive power of adult authority figures. A child has very few, if any, resources to deter the use of physical force by an adult intent on touching the child. In such circumstances, there is a significant likelihood that physical force may be used to perpetrate the crime.

*Id.* at 422

Other courts have arrived at the same conclusion. *See, e.g., United States v. Alas–Castro,* 184 F.3d 812, 813 (8th Cir. 1999) (holding that a Nebraska conviction for sexual assault of a child is a "crime of violence" because this "type of contact between parties of differing physical and emotional maturity carries a substantial risk that physical force … may be used in the course of committing the offense" (internal quotation marks omitted)); *Ramsey v. INS,* 55 F.3d 580, 583 (11th Cir.1995)

(holding that the Florida offense of attempted lewd assault on a child under the age of sixteen is a "crime of violence" even though the offense might be accomplished without use of physical force); *United States v. Reyes–Castro,* 13 F.3d 377, 379 (10th Cir.1993) ("A common sense view of the sexual abuse statute, in combination with the legal determination that children are incapable of consent, suggests that when an older person attempts to sexually touch a child under the age of fourteen, there is always a substantial risk that physical force will be used to ensure the child's compliance.").

We conclude that a conviction under § 53a–71 constitutes a crime of violence and that the district court erred in granting Chery's *habeas* petition.

## CONCLUSION

For the reasons stated herein, we REVERSE the district court's grant of Chery's petition for a writ of *habeas corpus.*