09-2380-ag
Costa v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2009

(Submitted: June 8, 2010                    Decided: July 2, 2010)

Docket No. 09-2380-ag

ANTONIO JOAO COSTA,

*Petitioner*,

v.

ERIC H. HOLDER, JR., United States Attorney General,

*Respondent*.

Before: WINTER and HALL, *Circuit Judges*, and CEDARBAUM, *District Judge*.[*]

Petitioner seeks review of an order of the Board of Immigration Appeals ("BIA" or "Board") affirming the decision of an Immigration Judge that denied Petitioner's motion to terminate and ordered him removed as an alien who had been convicted of an aggravated felony pursuant to section 101(a)(43)(F) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(F). Because under this Court's decision in *Chery v. Ashcroft*, 347 F.3d 404, 408-09 (2d Cir. 2003), Petitioner's conviction for violation of Connecticut General Statutes § 53a-71

---

[*] The Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

1

constitutes an aggravated felony pursuant to INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F), we

DENY the petition for review.

APPEARING FOR THE PETITIONER:        JAMES A. WELCOME, Waterbury, CT.

APPEARING FOR THE RESPONDENT:     CARMEL A. MORGAN, Trial Attorney (Tony West, Assistant Attorney General, Jennifer Levings, Senior Litigation Counsel, on the brief), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

PER CURIAM:

Petitioner Antonio Joao Costa seeks review of a May 7, 2009 order of the BIA affirming

the January 22, 2009 decision of Immigration Judge ("IJ") Michael W. Straus, denying Costa's

motion to terminate and ordering him removed as an alien who has been convicted of an

aggravated felony pursuant to INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F), for a "crime of

violence," as defined by 18 U.S.C. § 16(b). *See In re Antonio Joao Costa*, No. A034 068 160

(B.I.A. May 7, 2009), *aff'g* No. A034 068 160 (Immig. Ct. Hartford, CT, Jan. 22, 2009). On

appeal, Costa argues, *inter alia*, that neither his conviction for sexual assault in the second

degree in violation of Connecticut General Statutes ("CGS") § 53a-71 nor his conviction for

sexual assault in the fourth degree in violation of CGS § 53a-73a constitutes an aggravated

felony.

**BACKGROUND**

Petitioner, a native and citizen of Portugal, was admitted to the United States on March

24, 1973 as a legal permanent resident ("LPR"). In February 2006, the Connecticut State Police

2

received a complaint from a fourteen-year-old female special education student alleging that Costa, who drove a vehicle for a company providing transportation to and from the student's school, had sexual contact with her on two occasions in January 2006. At the time of the alleged sexual conduct, Costa was thirty-five years old.

In November 2006, pursuant to an *Alford* plea,[1] Costa pleaded guilty to sexual assault in the second degree in violation of CGS § 53a-71 and sexual assault in the fourth degree in violation of CGS § 53a-73a. In January 2007, pursuant to his *Alford* plea, Costa was convicted of the crimes to which he had pleaded guilty. He was sentenced to eight years incarceration, with a minimum of nine months to serve, the balance suspended, plus a ten-year period of probation for sexual assault in the second degree, and a concurrent one-year sentence of incarceration for sexual assault in the fourth degree.

The following June, based on his convictions, the Department of Homeland Security served Costa with a notice to appear, charging that he was removable pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), because after he was admitted to this country, he was convicted of an aggravated felony as defined in subparagraphs (A) (sexual abuse of a minor) and (F) (crime of violence) of INA § 101(a)(43), 8 U.S.C. § 1101(a)(43).

Before the IJ, Costa admitted the factual allegations in the notice to appear, but he denied that he is removable. The IJ issued an oral decision finding Costa removable as charged. Relying on this Court's decision in *Chery v. Ashcroft*, 347 F.3d 404, 408-09 (2d Cir. 2003),

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

because the crime involves a substantial risk that physical force will be used in the course of committing the offense, the IJ determined that Costa's conviction under CGS § 53a-71 constituted an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(F) and that the amendments to that statute subsequent to *Chery* did not alter his analysis.

Costa filed a timely appeal to the BIA, which subsequently dismissed Costa's appeal, concluding that Costa's conviction for violation of CGS § 53a-71 (sexual assault in the second degree) is, *inter alia*, an aggravated felony under 8 U.S.C. § 1101(a)(43)(F)—*i.e.*, a "crime of violence" as defined in 18 U.S.C. § 16(b). In so doing, the Board rejected Costa's arguments and ruled that amendments made to CGS § 53a-71 after this Court's decision in *Chery* neither altered the analysis set forth in that case nor its application to Costa's circumstances. The Board's decision did not address Costa's conviction for violation of CGS § 53a-73a (sexual abuse in the fourth degree), and neither do we.

## DISCUSSION

*Jurisdiction*

Any alien who has been convicted of an "aggravated felony" at any time after he has been admitted to the United States is removable. 8 U.S.C. § 1227(a)(2)(A)(iii); *see also Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 165 (2d Cir. 2006). "As a rule, federal courts lack jurisdiction to review final agency orders of removal based on an alien's conviction for certain crimes, including aggravated felonies." *Vargas-Sarmiento*, 448 F.3d at 164 (citing 8 U.S.C. § 1252(a)(2)(C)). Courts of appeals retain jurisdiction, however, to review an order of removal insofar as the petition for review of such an order raises "constitutional claims or questions of law." *Id*. (citing 8 U.S.C. § 1252(a)(2)(D)); *see also Chery*, 347 F.3d at 407 ("We

4

retain jurisdiction . . . to determine whether [petitioner] has been convicted of an aggravated felony . . ..").

Where, as here, the BIA adopts the IJ's reasoning and offers additional commentary, we review the decision of the IJ as supplemented by the BIA. *See Gertsenshteyn v. U.S. Dep't of Justice*, 544 F.3d 137, 142 (2d Cir. 2008); *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). We review the IJ's and BIA's determinations of law *de novo*, *see Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008), according *Chevron* deference to the BIA's construction of the INA but not to its interpretation of state or federal criminal laws, *see Vargas-Sarmiento*, 448 F.3d at 165.

*Aggravated Felony as a "Crime of Violence"*

The INA defines "aggravated felony" to include "a crime of violence (as defined in section 16 of Title 18 . . . ) for which the term of imprisonment [is] at least one year." INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F). "A 'crime of violence' is any 'offense that is a felony and that, by its nature, involves a substantial *risk* that physical force against the person or property of another *may be used* in the course of committing the offense.' " *Dos Santos v. Gonzales*, 440 F.3d 81, 83 (2d Cir. 2006) (quoting 18 U.S.C. § 16(b)).[2] "A 'crime of violence' thus has two elements: it is a felony, and it involves a substantial risk that physical force may be used during its commission." *Id*. (citing *Chery*, 347 F.3d at 407). Additionally, 18 U.S.C. §

---

[2] Section 16(b) of Title 18 provides as follows:

The term "crime of violence" means --

(b) any . . . offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

16(b) "refers only to those offenses in which there is a substantial likelihood that the perpetrator will intentionally employ physical force." *Id*. at 83-84 (quoting *Dalton v. Ashcroft*, 257 F.3d 200, 208 (2d Cir. 2001)).

"In determining whether a crime satisfies these requirements, we use the so-called categorical approach." *Id*. at 84 (citing *Chery*, 347 F.3d at 407). Applying this method, "we focus on the 'intrinsic nature of the offense rather than on the factual circumstances surrounding any particular violation.' Accordingly, 'only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant,' and the factual aspects of a defendant's situation are immaterial." *Id*. (quoting *Chery*, 347 F.3d at 407) (footnote omitted).

Costa asserts that as a result of amendments to CGS § 53a-71[3] enacted since this Court's decision in *Chery* that statute is now divisible, and it is therefore subject to a modified categorical approach. Costa identifies three amendments to CGS § 53a-71 that he asserts bring it outside the realm of *Chery*'s holding. We do not agree. We examine each argument in turn.

First, in 2000, subsection (2) of the statute was revised to delete the words "or mentally incapacitated" after "mentally defective." *See* Conn. Gen. Stat. § 53a-71 (2000). As written, the provision prohibits sexual intercourse under circumstances where the victim "is mentally

---

[3] Connecticut General Statutes § 53a-71(a) provides as follows:

(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) Such other person is thirteen years of age or older but under sixteen years of age and the actor is more than three years older than such other person; or (2) such other person is mentally defective to the extent that such other person is unable to consent to such sexual intercourse; or (3) such other person is physically helpless; or (4) such other person is less than eighteen years old and the actor is such person's guardian or otherwise responsible for the general supervision of such person's welfare; or (5) such other person is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over such other person; or (6) the actor is a psychotherapist and such other person is (A) a patient of the actor and the sexual intercourse occurs during the psychotherapy session, (B) a patient or former patient of the actor and such patient or former patient is emotionally dependent upon the actor, or (C) a patient or former patient of the actor and the sexual intercourse occurs by means of therapeutic deception; or (7) the actor accomplishes the sexual intercourse by means of false representation that the sexual intercourse is for a bona fide medical purpose by a health care professional; or (8) the actor is a school employee and such other person is a student enrolled in a school in which the actor works or a school under the jurisdiction of the local or regional board of education which employs the actor; or (9) the actor is a coach in an athletic activity or a person who provides intensive, ongoing instruction and such other person is a recipient of coaching or instruction from the actor and (A) is a secondary school student and receives such coaching or instruction in a secondary school setting, or (B) is under eighteen years of age; or (10) the actor is twenty years of age or older and stands in a position of power, authority or supervision over such other person by virtue of the actor's professional, legal, occupational or volunteer status and such other person's participation in a program or activity, and such other person is under eighteen years of age.

7

defective *to the extent that [the victim] is unable to consent* to such sexual intercourse." *Id*. §

53a-71(a)(2) (emphasis added). Costa argues that the revised section lessened the offense

conduct criminalized by § 53a-71 such that it no longer necessarily constitutes an aggravated

felony under 8 U.S.C. § 1101(a)(43)(F). This argument is without merit. The very language of

subsection (2) limits its application to protecting victims who are "mentally defective to the

extent" that they are "unable to consent" to sexual intercourse. The revision to this subsection is

of no consequence to the analysis set forth in *Chery*. *See Chery*, 347 F.3d at 408-09.

Second, in 2002, subsection (9) was added, which prohibits sexual intercourse where "the

actor is a coach in an athletic activity or a person who provides intensive, ongoing instruction

and such other person is a recipient of coaching or instruction from the actor and (A) is a

secondary school student and receives such coaching or instruction in a secondary school setting,

or (B) is under eighteen years of age." *Id*. § 53a-71(a)(9) (2002). Costa argues that this

provision "for the first time, changes the age for which a violation can occur from the age of

sixteen to the age of eighteen. In Connecticut, the age of consent is sixteen years old."

Appellant's Br. 16. This argument fails as well. At the time of our decision in *Chery*, a

violation of § 53a-71 could occur without regard to the victim's age under every subsection of

the statute except subsections (1) and (4), and subsection (4) already defined a victim as a person

who was "less than eighteen years old."

Third, in 2004, subsection (10) was added. It prohibits sexual intercourse where "the

actor is twenty years of age or older and stands in a position of power, authority or supervision

over such other person by virtue of the actor's professional, legal, occupational or volunteer

status and such other person's participation in a program or activity, and such other person is

8

under eighteen years of age." *Id*. § 53a-71(a)(10) (2004).  Costa argues that this provision is "vague and broadly written" and that the terms "power, authority or supervision" are not defined. Costa also asserts, as he did with respect to subsection (9), that the provision changes the age defining a victim from under sixteen to "under the age of eighteen."  Costa's arguments on this point are also unavailing.  None of the amendments to § 53a-71 alters the statute in a way that renders our analysis in *Chery* inapplicable.  To the contrary, each of the statute's subsections, including those added as amendments to the statute considered in *Chery*, categorically describe crimes of violence as defined in 18 U.S.C. § 16(b).  There is, therefore, no need to apply a modified categorical approach in our analysis.

Applying the categorical approach in *Chery*, we held that a defendant convicted under CGS § 53a-71 has committed a "crime of violence."  *Chery*, 347 F.3d at 408-09.  CGS § 53a-71 prohibits, *inter alia*, sexual intercourse with a person thirteen or older but younger than sixteen when the perpetrator is more than three years older and intercourse with someone whose mental deficiencies vitiate his or her consent.  "In short, because of the disparate ages of the defendant and the victim, or the mental incapacity or physical helplessness of the victim, or the defendant's position of authority over the victim, the crime, *semper et ubique*, includes a substantial risk of physical force."  *Chery*, 347 F.3d at 408-09.  In holding that a conviction under this statute constituted a "crime of violence," we noted that "although a conviction may be obtained under § 53a-71 for consensual sexual intercourse and force may not be present in all circumstances, the *risk* of the use of force is inherent in each of the offenses set forth in the statute."  *Id*. at 408. Indeed, " '[i]t matters not one whit whether the risk ultimately causes actual harm.' "  *Id*.

9

(quoting *United States v. Rodriguez*, 979 F.2d 138, 141 (8th Cir. 1992)). What matters is that the risk of force is inherent in the offense. *Id.*

Moreover, "when the victim cannot consent—the statute *inherently* involves a substantial risk that physical force may be used in the course of committing the offense." *Id.* "Thus, in *Chery*, we held that because § 53a-71 criminalizes sexual conduct with victims who cannot consent—because of their age, mental status, etc.—the conduct that it prohibits is inherently accompanied by a risk of violence." *Dos Santos*, 440 F.3d at 84 (citing *Chery*, 347 F.3d at 408-09). "Such conduct thus constitutes a 'crime of violence.'" *Id.* In so holding, we emphasized that "[i]n cases involving sexual crimes against children, courts have repeatedly recognized a substantial risk that physical force will be used to ensure compliance." *Chery*, 347 F.3d at 409. This is because "[a] child has very few, if any, resources to deter the use of physical force by an adult intent on touching the child. In such circumstances, there is a significant likelihood that physical force may be used to perpetrate the crime." *Id.* Indeed we have endorsed the Tenth Circuit's reasoning that " 'when an older person attempts to sexually touch a child . . . there is *always* a substantial risk that physical force will be used to ensure the child's compliance.'" *Chery*, 347 F.3d at 409 (quoting *United States v. Reyes-Castro*, 13 F.3d 377, 379 (10th Cir. 1993)) (emphasis added).

## CONCLUSION

Accordingly, under this Court's decision in *Chery* and notwithstanding subsequent amendments to the Connecticut statute, we hold that Costa's conviction in violation of CGS § 53a-71 constitutes an aggravated felony pursuant to INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F).

10

We have considered all of Costa's other arguments and find them to be without merit.

For the foregoing reasons, the petition for review is DENIED.