10-3881-ag
Ledesma v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of December, two thousand eleven.

PRESENT:   JOHN M. WALKER, JR.,
           REENA RAGGI,
           DEBRA A. LIVINGSTON,
                  *Circuit Judges*.
-----------------------------------------------------------------
JOSE LEDESMA,
                  *Petitioner*,


              v.                                No. 10-3881-ag


ERIC H. HOLDER, JR., Attorney General of the
United States,
                  *Respondent*.
-----------------------------------------------------------------

APPEARING FOR PETITIONER:      AMANDA E. GRAY (Jules E. Coven, Kerry W. Bretz, *on the brief*), Bretz & Coven LLP, New York, New York.

APPEARING FOR RESPONDENT:      MANUEL A. PALAU, Trial Attorney (Tony West, Assistant Attorney General, and Terri J. Scadron, Assistant Director, *on the brief*), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose Ledesma ("Ledesma"), a native and citizen of the Dominican Republic, seeks review of an August 26, 2010 order of the BIA reversing Immigration Judge ("IJ") Alan Vomacka's November 17, 2008 decision granting Ledesma's application for cancellation of removal. Matter of Jose Ledesma, No. A037 055 836 (B.I.A. Aug. 26, 2010), rev'g No. A037 055 836 (Immig. Ct. N.Y.C. Nov. 17, 2008). "Although we lack jurisdiction to review the BIA's discretionary determinations concerning cancellation of removal," we retain jurisdiction to "review constitutional claims or questions of law arising in connection with such determinations, including whether the BIA has violated its own rules." Padmore v. Holder, 609 F.3d 62, 66 (2d Cir. 2010) (internal citations and quotation marks omitted). Ledesma argues that the BIA committed constitutional and legal error in finding him statutorily ineligible for cancellation of removal as an aggravated felon and, in any event, sua sponte exercising its discretion to deny Ledesma cancellation of removal. Because we reject the latter argument, we need not address the former in denying this petition. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1.     The BIA's *Sua Sponte* Review of the IJ's Exercise of Discretion

Ledesma submits that the BIA violated his right to due process as well as the agency's own regulations when it reconsidered sua sponte and without notice the IJ's favorable exercise of discretion to grant him cancellation of removal. See Padmore v. Holder, 609 F.3d at 66-67. We disagree.

2

An alien has no due process right in seeking discretionary relief from removal. See Yuen Jin v. Mukasey, 538 F.3d 143, 156-57 (2d Cir. 2008). In any event, Ledesma does not dispute that he received a full and fair opportunity to offer evidence and argument before the IJ in support of his cancellation of removal application, and he does not identify any different or additional argument that he would have made to the BIA. Thus, he cannot demonstrate any "cognizable prejudice fairly attributable to the challenged process." Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted).

Ledesma contends that 8 C.F.R. § 1003.1(d)(3)(ii) limits BIA review to those issues raised by the parties on appeal.[1] The regulation states that "[t]he Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo." Id. We need not here decide whether this text should be construed as Ledesma urges, because even if we were to resolve this question in his favor, Ledesma fails to demonstrate "prejudice to the rights sought to be protected by the subject regulation," or the regulation's promulgation "to protect a fundamental right derived from the Constitution or a federal statute." Nolasco v. Holder, 637 F.3d 159, 163 (2d Cir. 2011) (internal quotation marks omitted).

2.     The BIA's Exercise of Discretion

Ledesma argues that the BIA abused its discretion in denying him cancellation of removal based on a legal determination that his sexual-misconduct conviction was a "crime of violence" aggravated felony, see 18 U.S.C. § 16(b), because (1) the record failed to

---

[1] Ledesma provides no support for his related argument that the BIA has an established agency practice of reviewing only the arguments advanced by the parties on appeal, and thus we do not consider it further.

support that finding under a categorical approach, and (2) Ledesma had not been sentenced to one year in jail as required by 8 U.S.C. § 1101(a)(43)(F). The argument fails because the record shows that the BIA was not deciding whether Ledesma categorically qualified as a violent aggravated felon, a determination that would have rendered him statutorily ineligible for discretionary relief. See 8 U.S.C. § 1229b(a)(3). Rather, the BIA considered the factual circumstances of Ledesma's sexual-misconduct conviction, as established in proceedings before the IJ, in order to exercise its cancellation discretion. Ledesma concedes, as he must, that the BIA is not limited to the record of conviction in exercising this discretion. See Matter of C-V-T-, 22 I. & N. Dec. 7, 11 (B.I.A. 1998). Ledesma admitted in testimony before the IJ that his guilty plea to a reduced charge of sexual misconduct was based on his sexual intercourse with a 15-year-old girl on at least three occasions, conduct for which he was originally charged with statutory rape under New York law. Citing this court's cases holding that sexual crimes involving minors inherently pose a substantial risk of physical force, see, e.g., Chery v. Ashcroft, 347 F.3d 404, 408-09 (2d Cir. 2003), the BIA determined that Ledesma's offense was serious—not, as he contends, that it qualified as a violent aggravated felony as a matter of law. Ledesma's argument that the BIA could not, under the categorical approach, consider the factual circumstances of his prior conviction as a negative discretionary factor "incorrectly attempts to impose the standards for statutory eligibility for . . . cancellation of removal onto the [BIA's] discretionary power to grant or deny relief." Argueta v. Holder, 617 F.3d 109, 113 (2d Cir. 2010) (emphasis omitted).

Ledesma further submits that the BIA committed legal error by failing explicitly to address certain positive factors favoring cancellation of removal and mischaracterizing his

criminal history. These arguments are unavailing because the BIA is not required "expressly [to] parse or refute on the record each individual . . . piece of evidence offered by the petitioner." Zhi Yun Gao v. Mukasey, 508 F.3d 86, 87 (2d Cir. 2007) (internal quotation marks omitted). Rather, we presume that an agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," which is not this case. Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 337 n.17 (2d Cir. 2006). The BIA listed various positive and negative discretionary factors and explained that Ledesma's criminal history weighed strongly against granting him discretionary relief. Although the BIA obviously balanced the factors differently than the IJ, it was entitled to do so on de novo review, see Matter of A-S-B-, 24 I. & N. Dec. 493, 497 (B.I.A. 2008) (citing 8 C.F.R. § 1003.1(d)(3)), and we lack jurisdiction to review "factor-balancing" that is "at the core of its discretion." Rosario v. Holder, 627 F.3d 58, 62 (2d Cir. 2010), cert. denied, 131 S. Ct. 3061 (2011).

For the foregoing reasons, the petition is DENIED. As we have completed our review, any stay of removal that the court previously granted in this petition is VACATED and any pending motion for a stay of removal in this petition is DISMISSED as moot.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

5