**Euclides DOS SANTOS Petitioner,**

v.

**Alberto GONZALES Respondent.**

**Docket No. 01–4199–AG.**

United States Court of Appeals, Second Circuit.

Argued: Oct. 24, 2005.

Decided: March 3, 2006.

---

Roberto Tschudin Lucheme, Glastonbury, CT, for Petitioner.

Andrew M. McNeela, Assistant United States Attorney for the Southern District of New York, New York, N.Y. (Michael J. Garcia, United States Attorney, Sara L. Shudofsky, Assistant United States Attorney, on the brief) for Respondent.

OAKES, POOLER, and SOTOMAYOR, Circuit Judges.

POOLER, Circuit Judge.

Petitioner Euclides Dos Santos ("Dos Santos") petitions for review of the Board of Immigration Appeals's ("BIA") August 16, 2000, order summarily affirming the Immigration Judge's ("IJ") decision and February 16, 2000, order removing Dos Santos from the United States as the result of his conviction under Connecticut General Statute § 53–21(a)(2). We agree with the IJ's determination that Dos Santos's conviction under Connecticut General Statute § 53–21(a)(2) is a "crime of violence," as defined by 18 U.S.C. § 16(b) and thus constitutes an "aggravated felony," pursuant to 8 U.S.C. § 1101(a)(43)(F). Because of this, we agree with the IJ that Dos Santos was appropriately subject to deportation under 8 U.S.C. § 1227(a)(2)(A)(iii). We therefore deny the petition and affirm the BIA's order.

## BACKGROUND

Dos Santos is a citizen of Cape Verde. He was admitted to the United States, as a lawful permanent resident, on or about May 25, 1996, at the age of thirteen. On January 12, 2000, Dos Santos was convict-

ed in a Connecticut superior court for violating Connecticut General Statutes § 53–21(a)(2). C.G.S. § 53–21(a)(2) makes it a class C felony for any person to have "contact with the intimate parts, as defined by section 53a–65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child." For violating this statute, Dos Santos was sentenced to six-years imprisonment but ultimately received a suspended sentence pursuant to an "Alternative to Incarceration Plan."

The events for which Dos Santos was convicted and sentenced occurred on July 22, 1999, when Dos Santos attempted to rob two boys: a thirteen-year-old and a ten-year-old. According to the police report, the boys were walking when they were approached by Dos Santos. Dos Santos told the boys to give up their bicycle or he would punch them. When the boys refused to turn over the bicycle, Dos Santos grabbed one of the boy's arms. Dos Santos then told the boy to take off his clothes and "suck [Dos Santos's] dick." The boy removed his clothes and was unable to run away. At this point, Dos Santos attempted to grab the bicycle, and the boys escaped. The police report does not expressly state whether Dos Santos had touched either of his victim's private parts or subjected them to contact with his before they fled.

After pleading guilty to these offenses, Dos Santos was convicted on January 12, 2000. On or about February 3, 2000, the Immigration and Naturalization Service served Dos Santos with a Notice to Appear, charging that he was removable as an aggravated felon pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), because his conviction under C.G.S. § 53–21(a)(2) constituted a "crime of violence," and thus he had committed an aggravated felony as defined by 8 U.S.C. 1101(a)(43)(F). Dos Santos's removal proceedings commenced before an IJ on February 9, 2000. During these proceedings, Dos Santos admitted that he had been convicted under C.G.S. § 53–21(a)(2), but he argued that he had not committed a "crime of violence" and thus should not be subject to deportation. The IJ disagreed, finding that Dos Santos's violation of C.G.S. § 53–21(a)(2) constituted a "crime of violence," and he was removable as a result. Dos Santos appealed this decision to the BIA, which summarily affirmed, and this appeal followed.

## DISCUSSION

Where, as here, the BIA summarily affirms the IJ pursuant to 8 C.F.R. § 1003.1(e)(4)(I), we review the IJ's decision directly. *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). Judicial review of final orders of removal is generally prohibited, but we retain jurisdiction to determine whether the crime for which the individual was charged constitutes an aggravated felony. *Chery v. Ashcroft,* 347 F.3d 404, 407 (2d Cir.2003); 8 U.S.C. § 1252(a)(2)(D). We review *de novo* the question of whether a state crime constitutes a "crime of violence," which qualifies as an aggravated felony. *Chery,* 347 F.3d at 407.

A "crime of violence" is any "offense that is a felony and that, by its nature, involves a substantial *risk* that physical force against the person or property of another *may be used* in the course of committing the offense." 18 U.S.C. § 16(b) (emphasis added). A "crime of violence" thus has two elements: it is a felony, and it involves a substantial risk that physical force may be used during its commission. *Chery,* 347 F.3d at 407. Additionally, 18 U.S.C. § 16(b) 'refers only to

those offenses in which there is a substantial likelihood that the perpetrator will *intentionally* employ physical force.' *Dalton v. Ashcroft*, 257 F.3d 200, 208 (2d Cir.2001) (quoting *United States v. Chapa-Garza*, 243 F.3d 921, 926 (5th Cir.2001)) (emphasis added).

In determining whether a crime satisfies these requirements, we use the so-called categorical approach. *Chery*, 347 F.3d at 407. "Under this rubric, we focus on the 'intrinsic nature of the offense rather than on the factual circumstances surrounding any particular violation.'[1] Accordingly, 'only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant,' and the factual aspects of a defendant's situation are immaterial." *Id.* (quoting *Dalton*, 257 F.3d at 204). However, where a criminal statute encompasses diverse classes of criminal acts— some involving risk of force but others not involving such risk—we have held that the facts of the defendant's case may be reviewed for the limited purpose of determining under which prong of the statute she was convicted. *Dickson v. Ashcroft*, 346 F.3d 44, 48–49 (2d Cir.2003) (citing *Kuhali v. Reno*, 266 F.3d 93, 106 (2d Cir. 2001)). This type of statute is thus characterized as "divisible." *Id.* at 48.

Applying the categorical approach in *Chery*, we held that a defendant convicted under another Connecticut statute, § 53a–71, which criminalizes sexual assault in the second degree, had committed a "crime of violence." *Chery*, 347 F.3d at 408–09. C.G.S. § 53a–71 prohibits, *inter alia*, sexual intercourse with a person thirteen or older but younger than sixteen when the perpetrator is more than two years older; intercourse with someone whose mental deficiencies vitiate his/her consent; and sexual intercourse by a psychotherapist with a patient during the course of psychotherapy. In holding that a conviction under this statute constituted a "crime of violence," we noted that "although a conviction may be obtained under § 53a–71 for consensual sexual intercourse and force may not be present in all circumstances, the *risk* of the use of force is inherent in each of the offenses set forth in the statute." *Chery*, 347 F.3d at 408 (emphasis in original). Indeed, " '[i]t matters not one whit whether the risk ultimately causes actual harm.' " *Id.* (quoting *United States v. Rodriguez*, 979 F.2d 138, 141 (8th Cir. 1992)). It is immaterial that one may imagine various scenarios that violate a statute, yet the perpetrator's conduct does not create a genuine probability that force will be used. *Id.* What matters is that the *risk* of force is inherent in the offense. *Id.*

Moreover, and most notably, "when the victim cannot consent—the statute *inherently* involves a substantial risk that physical force may be used in the course of committing the offense." *Id.* (emphasis in original). Thus, in *Chery*, we held that because § 53a–71 criminalizes sexual conduct with victims who cannot consent— because of their age, mental status, etc.— the conduct that it prohibits is inherently accompanied by a risk of violence. *Id.* at 408–09. Such conduct thus constitutes a "crime of violence." *Id.*

In so holding, we emphasized that "[i]n cases involving sexual crimes against chil-

---

1. Dos Santos relies on *Chrzanoski v. Ashcroft*, 327 F.3d 188 (2d Cir.2003) for the proposition that we should examine the police report to determine whether an offense meriting deportation has been committed. Reliance on this case is misplaced. *Chrzanoski* actually undermines Dos Santos's argument that we should delve into the factual specifics of the case. *See id.* at 193 n. 8. Indeed, in that case, we noted that the "analysis focuses on the elements of the offense, and district courts are not permitted to consider the specific conduct of the individual in considering whether force was an element of the offense." *Id.*

dren, courts have repeatedly recognized a substantial risk that physical force will be used to ensure compliance." *Id.* at 409. This is because "[a] child has very few, if any, resources to deter the use of physical force by an adult intent on touching the child. In such circumstances, there is a significant likelihood that physical force may be used to perpetrate the crime." *Id.* (citing *United–States v. Velazquez–Overa,* 100 F.3d 418, 422 (5th Cir.1996)). Indeed we have endorsed the Tenth Circuit's reasoning that "'when an older person attempts to sexually touch a child ... there is *always* a substantial risk that physical force will be used to ensure the child's compliance.'" *Chery,* 347 F.3d at 409 (quoting *United States v. Reyes–Castro,* 13 F.3d 377, 379 (10th Cir.1993)) (emphasis added).

Petitioner's reliance on *Dalton,* a case in which we held that not all felony driving-while-intoxicated ("DWI") offenses are by their nature "crimes of violence," 257 F.3d at 206, is misplaced. In *Chery,* we found *Dalton* inapposite to sexual crimes committed against children because a DWI involves a risk of *involuntary* use of force, while sexual crimes against children involve a risk of *intentional* application of force. *See Chery,* 347 F.3d at 408. For instance, a defendant may be convicted of a DWI "even if he or she is asleep at the wheel of a car whose engine is not running and evidence is adduced at trial that the vehicle never moved." *Dalton,* 257 F.3d at 205. Thus, the primary risk of force inherent in a DWI offense is a risk of accidental force, whereas with crimes prohibiting sexual acts with children, the primary risk is of intentional force.

The Supreme Court echoed this reasoning when it determined that a conviction for driving under the influence ("DUI") is not a crime of violence. *Leocal v. Ashcroft,* 543 U.S. 1, 125 S.Ct. 377, 382, 160 L.Ed.2d 271 (2004). In so holding, it focused on the fact that the risk of force attendant to a DUI is a risk of accidental force rather than a risk that force will be intentionally applied. *See id.* As we have explained, the risk to which 18 U.S.C. § 16(b) refers is the risk of *force,* not simply the risk of *harm. Jobson v. Ashcroft,* 326 F.3d 367, 373–76 (2d Cir.2003).

In *Chery,* we found such risk of intentional force. We noted that, unlike a DWI conviction, a conviction under C.G.S. § 53a–71 involves affirmative conduct, namely sexual intercourse with a protected individual. *Chery,* 347 F.3d at 408. Because the individuals protected under C.G.S. § 53a–71 cannot give consent, we held that the risk of force is inherent in the nature of the crime. *Id.* at 409. The same rationale applies in the instant case. As the Connecticut Supreme Court has recognized, C.G.S. § 53–21(a)(2) similarly involves an affirmative act because it involves the deliberate touching of intimate parts. *See State v. Robert H.,* 273 Conn. 56, 866 A.2d 1255, 1264 n. 11 (2005). Because a child cannot consent to such touching, the risk of force is inherent in the nature of the crime and renders an offense under C.G.S. 53–21(a)(2) a "crime of violence."

■ Therefore, Dos Santos was convicted under a statute prohibiting an affirmative act, the deliberate touching of a child's intimate parts. Like the statute at issue in *Chery,* C.G.S. § 53–21(a)(2) prohibits sexual conduct with a child. As we stated in *Chery,* a child cannot consent, and thus, the risk of force is inherent in the crime. *Chery,* 347 F.3d at 409. This rationale similarly governs the instant case.

We note that Dos Santos's argument that *Chery* should not apply because Dos Santos was also a child when he committed this crime is of no moment. We reject his argument that cases such as *Chery* were

concerned solely with the risk of force stemming from the power disparity between a child victim and adult perpetrator. Although Dos Santos correctly contends that C.G.S. § 53–21(a)(2) applies to both adult and children perpetrators, *see In re John C.,* 20 Conn.App. 694, 569 A.2d 1154, 1156 (1990), he is incorrect that the defendant's age is relevant to the analysis. Indeed, the statute at issue in *Chery* does not apply only to adult perpetrators. Rather, the statute expressly applies to a scenario in which a victim is thirteen, and the perpetrator is fifteen and one day. *See* C.G.S. § 53a–71(a)(1). Moreover, the sweeping language in *Chery* focuses on the risk of force inherent when the *victim* is a child, irrespective the age of the perpetrator. We similarly emphasized this focus in *Sutherland v. Reno,* 228 F.3d 171 (2d Cir. 2000), where we noted that "the non-consent of the *victim* is a touchstone for determining whether a crime 'involves a substantial risk that physical force against the person'" may be used. *Id.* at 177 (quoting 18 U.S.C. § 16(b) (emphasis added)). Thus, the fact that C.G.S. § 53–21(a)(2) may apply to perpetrators who are minors does not undermine our determination that a violation of this statute constitutes a "crime of violence" as defined by 18 U.S.C. § 16(b). Because a violation of C.G.S. § 53–21(a)(2) is a "crime of violence," the IJ correctly found that Dos Santos committed an aggravated felony within the meaning of 8 U.S.C. 1101(a)(43)(F) and was removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

## CONCLUSION

For the foregoing reasons, we hold that a violation of C.G.S. § 53–21(a)(2) constitutes a "crime of violence" within the meaning of 18 U.S.C. § 16(b) such that it is an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F), enabling removal under 8 U.S.C. § 1227(a)(2)(A)(iii). We thus deny the petition for review and affirm the BIA's order summarily affirming the IJ's decision and order. We note that in so holding, we intimate no opinion on whether any subsection of C.G.S. § 53–21, other than C.G.S. § 53–21(a)(2), similarly constitutes a "crime of violence."