**Alberto BERRIOS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States of America,\* Respondent.**

**No. 06–3744–ag.**

United States Court of Appeals, Second Circuit.

Jan. 9, 2008.

---

\* Attorney General Michael B. Mukasey is substituted for former Attorney General Alberto Gonzales pursuant to Fed. R.App. P. 43(c)(2).

George A. Terezakis, Mineola, NY, for Petitioner.

Kohsei Ugumori, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C. (Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, P. Michael Truman, Trial Attorney, on the brief), for Respondent.

PRESENT: Hon. AMALYA L. KEARSE and Hon. PETER W. HALL, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.**

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alberto Berrios, a native and citizen of El Salvador, seeks review of a July 11, 2006 order of the BIA dismissing petitioner's appeal from the February 2, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom ordering petitioner removed based on a controlled substance violation and pretermitting his application for cancellation of removal. *In re Alberto Berrios*, No. A41 711 741 (B.I.A. July 11, 2006), *aff'g* No. A41 711 741 (Immig. Ct. N.Y. City Feb. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the IJ's reasoning and supplements it, we review the IJ's decision as supplemented by the

** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

BIA. *Dong Gao v. BIA,* 482 F.3d 122, 125 (2d Cir.2007). We review factual findings for substantial evidence and legal conclusions de novo. *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 288–89 (2d Cir.2007). While we generally lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed a criminal offense," 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction over "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D). Questions of law include "what evidence may satisfy a party's burden of proof." *Gui Yin Liu v. INS,* 475 F.3d 135, 137 (2d Cir.2007) (per curiam). We also retain jurisdiction to determine whether the crime of which the individual was convicted constitutes an aggravated felony. *See, e.g., Dos Santos v. Gonzales,* 440 F.3d 81, 83 (2d Cir.2006).

▮ Petitioner first argues that the government did not meet its burden to prove him removable for a controlled substance violation pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II) by clear and convincing evidence because the handwritten notation "diazepam" on the state certificate of disposition was not a valid record that his offense of conviction involved diazepam. Whatever the probative value of the handwritten word, the record plainly supported the IJ's finding that the substance that Berrios was convicted of possessing with intent to sell was diazepam. In the proceeding before the IJ, page 3 of Berrios's memorandum in opposition to the government's motion to pretermit his application for cancellation of removal stated that Berrios "pled guilty to a Superior Court Information charging him with unlawfully possessing an unspecified quantity of the prescription drug Diazepam, whose trade name is valium, with intent to sell." Page 4 of Berrios's brief on appeal to the BIA made the identical statement. Clear-

ly, substantial evidence supported the conclusion of the IJ and the BIA that the controlled substance of which Berrios was convicted of possessing was diazepam.

▮ Petitioner's second argument is that the BIA erred in finding that his controlled substance violation constituted an aggravated felony, which rendered him ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a). He contends that because the government failed to prove that the controlled substance at issue was diazepam, his conviction could have been based on a different drug that would have qualified for treatment as only a federal misdemeanor. We reject this argument because, for the reasons stated above, Berrios's premise that the record was insufficient to show that the substance in question was diazepam is false.

Furthermore, we agree with the BIA that petitioner's offense constitutes an "aggravated felony" for purposes of finding him ineligible for cancellation of removal. Any felony punishable under the Controlled Substances Act ("CSA") is an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2). The Supreme Court recently held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Lopez v. Gonzales,* 549 U.S. 47, 127 S.Ct. 625, 633, 166 L.Ed.2d 462 (2006). Attempted possession of a controlled substance with intent to distribute is punishable under the CSA. *See* 21 U.S.C. §§ 841(a), 846. Because diazepam is a Schedule IV controlled substance, had petitioner been convicted under the CSA, he would have been subject to up to three years' imprisonment. *See* 21 U.S.C. § 841(b)(2); 18 U.S.C. § 3559(a). Under *Lopez,* therefore, petitioner's state offense constitutes a felony punishable under the CSA and is thus an

aggravated felony that renders petitioner ineligible for cancellation of removal.

We have considered all of petitioner's other arguments and find them to be without merit. Accordingly, the petition for review is DENIED.