**JI LI ZHENG, Petitioner,**

v.

**Michael B. MUKASEY,[1] Respondent.**

**No. 07–2494–ag.**

United States Court of Appeals,
Second Circuit.

March 25, 2008.

Romben Aquino, Ferro & Cuccia, New York, NY, for Petitioner.

Janice K. Redfern, Office of Immigration Litigation, for Jeffrey S. Bucholtz, Acting Asst. Attorney General, and Linda S. Wernery, Asst. Director, Civil Division, Department of Justice, Washington D.C., for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

PRESENT: Hon. B.D. PARKER, Hon. DEBRA A. LIVINGSTON, Circuit Judges, and Hon. JANET C. HALL,[2] District Judge.

## SUMMARY ORDER

Ji Li Zheng petitions for review of a decision by the Board of Immigration Appeals ("BIA") issued on May 21, 2007. The BIA affirmed the Immigration Judge's ("IJ") decision denying Zheng's motion to reopen his *in absentia* removal order. We assume familiarity with the underlying facts and procedural history of this case, as well as the issues on appeal.

After attempting to illegally enter the United States in 1993, Zheng was placed in exclusion proceedings pursuant to 8 U.S.C. §§ 1182(a)(7)(A)(i)(I), (a)(7)(B)(i)(I), and (a)(7)(B)(ii)(II). Zheng's applications for asylum and withholding of deportation were deemed waived after he failed to file his applications following several extensions of time. On December 19, 1994, the IJ ordered Zheng excluded. After being deported to China, Zheng then illegally re-entered the United States in 1999. He was served with a notice to appear and a hearing was scheduled for September 28, 1999. Zheng's counsel, Robert Porges, conceded removability. Zheng filed applications for asylum, withholding of removal, and relief under the Convention Against Torture Act. The IJ scheduled an evidentiary hearing for August 22, 2000. Zheng and his counsel were notified of the hearing and warned of the consequences if Zheng failed to appear. He was further told that his failure would be excused only under exceptional circumstances.

Zheng alleges that Porges' wife told him that he would be removed if he showed up for the hearing. Consequently, Zheng did not appear and the IJ ordered him removed *in absentia*. The IJ further found that by failing to appear, Zheng waived all requests for relief from removal. Porges subsequently pled guilty to federal racketeering and conspiracy charges. He was also suspended from practice before the BIA on May 6, 2002.

On August 31, 2006, Zheng moved to reopen his removal proceedings based on his 2004 marriage to a naturalized United States citizen and the ineffective assistance of his counsel. He stated that he did not appear for his removal hearing due to the erroneous advice of his counsel's wife and that, in any event, the removal proceedings were barred by *res judicata* because he had previously been ordered deported. His motion was denied as time-barred by the IJ, who found that Zheng did not deny receiving notice of his removal hearing or allege exceptional circumstances excusing his failure to appear. Moreover, the IJ also concluded that by waiting more than six years to file his motion to reopen after discovering that Porges had been arrested for immigration-related crimes, Zheng failed to act with due diligence. Finally, the IJ found that *res judicata* did not apply because new proceedings were instituted after Zheng illegally entered the United States a second time. The BIA affirmed without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4). We thus review the IJ's decision as the final agency action. *See Dos Santos v. Gonzales*, 440 F.3d 81, 83 (2d Cir.2006).

On appeal, Zheng now claims that the IJ's determination was an abuse of discretion. We disagree. Under 8 C.F.R. § 1003.23(b)(4)(ii), an individual ordered removed *in absentia* may move to reopen, but he must generally do so within 180 days after the date of the order of removal. The 180–day filing requirement may be equitably tolled if the motion to reopen is based on a claim of ineffective assistance of counsel. However, "no matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised

2. The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

reasonable due diligence during the time period sought to be tolled." *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006).

Zheng received notice of the consequences of failing to appear for his removal hearing. However, he provided no explanation for his failure to file a motion reopening his removal proceedings until six years after he was ordered removed. While ineffective assistance of counsel may equitably toll the deadline for filing a motion to reopen, a petitioner must demonstrate that he has diligently pursued his claim. Zheng does not dispute that he failed to exercise due diligence after learning of his counsel's ineffectiveness in 2000. We need not consider any of Zheng's remaining arguments pursuant to 8 C.F.R. § 1003.23(b)(4)(iii).

For the foregoing reasons, the petition is denied.