09-4059-ag
Relvas v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OF AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of June, two thousand ten.

PRESENT:    WILFRED FEINBERG,
            ROBERT D. SACK,
            PETER W. HALL,
                        *Circuit Judges.*

_____

ARMANDO RELVAS,
            *Petitioner*,

                    v.                    09-4059-ag

ERIC H. HOLDER, JR., Attorney General of the
United States,
            *Respondent.*

_____

| | |
|---|---|
| Appearing for Petitioner: | JUSTIN CONLON, Law Offices of Michael Boyle, North Haven, CT. |
| Appearing for Respondent: | BROOKE M. MAURER, Trial Attorney, Office of Immigration Litigation (Tony West, Assistant Attorney General, Richard M. Evans, Assistant Director, *on the brief*), United States Department of Justice, Washington, D.C. |

ON CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the petition for review is **DENIED**.

Petitioner Armando Relvas, a native and citizen of Portugal, seeks review of an August 31, 2009 order of the BIA affirming the September 1, 2006 decision of the Immigration Judge ("IJ") finding Relvas removable as charged under sections 101(a)(43)(M) and (U) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101(a)(43)(M), (U). *See In re Armando Relvas,* No. A034 758 717 (B.I.A. Aug. 31, 2009), *aff'g* No. A034 920 641 (Immig. Ct. Hartford, CT, Sept. 1, 2006). We assume the parties' familiarity with the facts and procedural history, which we reference only to the extent necessary to explain the order of this court.

Relvas was ordered removed from the United States as an aggravated felon pursuant to subsections 101(a)(43)(M) and (U) of the INA, defining an aggravated felony as an offense involving "fraud or deceit in which the loss to the victim or victims exceeds $10,000," or an attempt or conspiracy to commit such an offense. Relvas maintains that he is not subject to removal because the crime to which he pleaded guilty in 2005, 18 U.S.C. § 371, "conspiracy to defraud the United States," and for which he was ordered to pay $82,643.63 in restitution to the United States Small Business Association ("SBA"), was not an aggravated felony for the purposes of the INA. "As a rule, federal courts lack jurisdiction to review final agency orders of removal based on an alien's conviction for certain crimes, including aggravated felonies." *Vargas-Sarmiento v. U.S. Dep't of Justice,* 448 F.3d 159, 164 (2d Cir. 2006). Courts of appeals, however, do retain jurisdiction to consider "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), including, *inter alia,* "whether the crime for which the individual was charged

2

constitutes an aggravated felony." *Dos Santos v. Gonzales,* 440 F.3d 81, 83 (2d Cir. 2006).

When the BIA adopts the reasoning of the IJ and expands on that reasoning, as occurred in this instance, we review the decision of the IJ as supplemented by the BIA. *Wala v. Mukasey,* 511 F.3d 102, 105 (2d Cir. 2007).

A conviction under 18 U.S.C. § 371 may be grounded on "deceitful *or dishonest*" conduct. *United States v. Ballistrea,* 101 F.3d 827, 831-32 (2d Cir. 1996) (emphasis added) (explaining that acts of "deceit, craft or trickery, or at least [those] that are dishonest" may incur liability under § 371). Relvas asserts that he was convicted under § 371 of dishonesty and not deceit, and accordingly his conviction under § 371 should not have been considered one of "fraud or deceit" under 8 U.S.C. §§ 1101(a)(43)(M) and (U). We apply a "modified categorical approach" when "a criminal statute encompasses diverse classes of criminal acts -- some of which would categorically be grounds for removal and others of which would not." *Dickson v. Ashcroft,* 346 F.3d 44, 48-49 (2d Cir. 2003). In these instances it is permissible for the agency to consider the statute "divisible," and thereafter to "refer[] to the record of conviction for the limited purpose of determining whether the alien's conviction was under the branch of the statute that permits removal." *Id; see also Lanferman v. Bd. of Immigration Appeals,* 576 F.3d 84, 89 (2d Cir. 2009) (per curiam) ("When we review the record of conviction, the [modified] categorical approach permits inquiry into the *fact of conviction* of a specific offense but prohibits reference to or examination of the *particular factual circumstances* underlying that conviction.") (internal quotation marks omitted). "The record of conviction includes, *inter alia,* the charging document, a plea agreement, a verdict or judgment of conviction, a record of the sentence, or a plea colloquy transcript." *Wala,* 511 F.3d at 108 (internal quotation marks omitted).

3

The BIA correctly applied a modified categorical approach to its analysis of Relvas' § 371 conviction. The statute establishes liability for deceitful conduct, potentially giving rise to an aggravated felony under the INA, as well as dishonest conduct, which would not. "Where, as here, the challenged conviction is obtained pursuant to a guilty plea, our consideration is limited to the facts to which a defendant actually and necessarily pleaded in order to establish the elements of the offense, as indicated by a charging document, written plea agreement, or plea colloquy transcript." *Almeida v. Holder*, 588 F.3d 778, 785 (2d Cir. 2009). The criminal information in this instance charged Relvas with "knowingly and willfully conspiring and agree[ing] with . . . others to make materially false, fictitious, and fraudulent statements and representations . . . and to conceal and cover up by trick, scheme, and device material facts . . . to obtain an SBA loan in the amount of $1,750,000 to which [Relvas] [was] not entitled." Such actions, the BIA correctly determined, "are indicative of deceitful conduct, not merely dishonest conduct." *In re Armando Relvas,* No. A034 758 717 (B.I.A. Aug 31, 2009); *Cf. Matter of Flores,* 17 I. & N. Dec. 225, 229 (B.I.A. 1980) ("[T]he offense of knowingly making false representations in order to evade military service involved moral turpitude because it was an affirmative act calculated to deceive the government and, therefore, was inherently fraudulent."). Indeed, we note that Relvas was convicted of "Conspiracy to Defraud the United States," and that "[a]bsent any reasonable challenge to its validity, we think the clear language of the judgment of conviction should control the determination of what offense an alien actually committed." *Kuhali v. Reno*, 266 F.3d 93, 106 (2d Cir. 2001). Accordingly, the BIA did not err in ruling that Relvas' conviction fell into a branch of § 371 that justifies removal.

4

Relvas asserts in the alternative that the BIA erred in failing to address his arguments that (i) "a loan does not qualify as a loss under the aggravated felony statute," and (ii) the record did not establish that the victim of Relvas' offense, the United States government, suffered a loss in excess of $10,000, as required by § 1101(a)(43)(M). "The BIA, when considering an appeal, must actually consider the evidence and argument that a party presents." *Yan Chen v. Gonzales,* 417 F.3d 268, 272 (2d Cir. 2005) (internal quotation marks omitted). The record indicates, however, that the BIA did consider and reject Relvas' first argument when it explained that pursuant to *Nijhawan v. Holder,* 129 S. Ct. 2294 (2009), "a restitution order is appropriate evidence of the amount of loss." *In re Armando Relvas,* No. A034 758 717 (B.I.A. Aug 31, 2009). The BIA took note that Relvas was ordered to pay $106,827.78 in restitution, *id.,* and thus the BIA "engage[d] the evidence he presented" and provided Relvas with a "reasoned analysis" as to why that evidence suggested a loss in excess of $10,000, *Mohideen v. Gonzales,* 416 F.3d 567, 571 (7th Cir. 2005).

Turning to the merits of this argument, which Relvas renews on petition to this court, "[w]e must defer to the BIA's determination, in accordance with the Supreme Court's decision in *Chevron U.S.A., Inc. v. NRDC,* 467 U.S. 837, 842-43, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984), when our jurisdiction depends on the definition of a phrase used in the INA, a statute that the BIA administers, and 'when the intent of Congress is unclear and the agency's interpretation is reasonable.'" *James v. Mukasey*, 522 F.3d 250, 253-54 (2d Cir. 2008) (quoting *Mugalli v. Ashcroft,* 258 F.3d 52, 55 (2d Cir. 2001)). Relvas has offered neither authority contrary to *Nijhawan* suggesting that an immigration court may not rely upon a restitution order to determine the amount of loss nor any showing that the BIA's interpretation of § 1101(a)(43)(M) was

5

unreasonable. The BIA thus adequately considered, and reasonably rejected, Relvas' claim that restitution resulting from a fraudulently obtained loan does not fall within the definition of "loss" in § 1101(a)(43)(M).

With respect to Relvas' argument that no evidence was proffered of any loss suffered by the United States, the BIA noted that Relvas was convicted of conspiring to "defraud the United States," that the basis for Relvas' conviction was his attempt to acquire by fraud a guaranteed SBA loan in the amount of $1,750,000, and that Relvas was ordered to pay $106,827.78 in restitution -- $24,184.15 of that total to the CIT Small Business Lending Corporation and $82,643.63 to the United States Small Business Association. The order of restitution, to which the BIA referred, states that "[t]he amounts ordered represent the total amounts due to the victims for these losses." Accordingly, the BIA adequately considered and reasonably determined that the US government was a victim of Relvas' crime and suffered a loss in excess of $10,000.

Relvas asserts that because his indictment on the single charge of conspiracy included two objects and five overt acts, the loss was not "tied to the specific counts covered by the conviction" or "tethered to the offense of conviction." *Nijhawan,* 129 S. Ct. at 2303; *Nijhawan v. Att'y Gen.,* 523 F.3d 387, 397 (3rd Cir. 2008). The purpose behind the 'tethering' requirement is to avoid including in the $10,000 requirement "losses stemming from unconvicted offenses." *Alaka v. Att'y Gen.,* 456 F.3d 88, 106 (3d Cir. 2006) (internal quotation marks omitted). In this instance there is no question that the losses considered by the IJ and the BIA arose directly from the single conspiracy offense for which Relvas was convicted.

For the foregoing reasons, and finding the remainder of petitioner's arguments without merit, the petition for review is DENIED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk