14-3786-ag
MacTaggart v. Lynch

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fifteen.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          RICHARD C. WESLEY,
                    *Circuit Judges*.
-----------------------------------------------------------------------
CAMERON ANDREW MacTAGGART,
                    *Petitioner*,

            v.                                    No. 14-3786-ag

LORETTA E. LYNCH, United States Attorney General,
                    *Respondent*.
-----------------------------------------------------------------------

APPEARING FOR PETITIONER:    ERIN I. O'NEIL-BAKER, Hartford Legal Group LLC, Hartford, Connecticut.

APPEARING FOR RESPONDENT:    GREG D. MACK, Senior Litigation Counsel, Office of Immigration Litigation (Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division; Terri J. Scadron, Assistant Director, Office of Immigration Litigation, *on the brief*), United States Department of Justice, Washington, D.C.

1

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Cameron Andrew MacTaggart, a native of Hong Kong and citizen of Australia, seeks review of a September 8, 2014 decision of the BIA affirming the March 13, 2014 decision of an Immigration Judge ("IJ") denying MacTaggart's application for cancellation of removal and ordering him removed based on his commission of an aggravated felony. See In re Cameron Andrew MacTaggart, No. A019 374 331 (B.I.A. Sept. 8, 2014), aff'g No. A019 374 331 (Immig. Ct. Hartford, CT Mar. 13, 2014); see also 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1229b(a)(3), (b)(1)(C). MacTaggart argues that his prior crime of conviction does not qualify as an aggravated felony. Our jurisdiction to review constitutional claims and questions of law pertaining to removal orders extends to "whether a specific conviction constitutes an aggravated felony." Pascual v. Holder, 707 F.3d 403, 404 (2d Cir. 2013); see Oouch v. U.S. Dep't of Homeland Sec., 633 F.3d 119, 121 (2d Cir. 2011) (explaining that if "conviction is an aggravated felony, we must dismiss the petition for lack of jurisdiction; if not, we may exercise jurisdiction and vacate the order of removal").

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, including the agency's conclusion that MacTaggart's conviction categorically constitutes an aggravated felony "crime of violence," 8 U.S.C. § 1101(a)(43)(F), but without the IJ's conclusion (not addressed by the BIA) that it also categorically constitutes an aggravated felony "sexual abuse of a minor," id. § 1101(a)(43)(A). See

2

Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to dismiss the petition.

Aggravated felonies include, inter alia, any "crime of violence" punishable by at least one year's imprisonment, 8 U.S.C. § 1101(a)(43)(F), which includes felony offenses that, by their nature, involve "a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," 18 U.S.C. § 16(b). To determine whether a state conviction is for an aggravated felony, we employ a "categorical approach," which asks "whether the state statute defining the crime of conviction categorically fits within the generic federal definition." Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013) (internal quotation marks omitted). Toward this end, we examine "the generic elements of the offense of conviction." Richards v. Ashcroft, 400 F.3d 125, 128 (2d Cir. 2005). If the statute at issue criminalizes conduct that falls outside the federal definition, the crime is not an aggravated felony. See id.; accord Prus v. Holder, 660 F.3d 144, 146 (2d Cir. 2011). Under the categorical approach, "the singular circumstances of an individual petitioner's crimes should not be considered, and only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant." Pascual v. Holder, 707 F.3d at 405 (internal quotation marks omitted); see Moncrieffe v. Holder, 133 S. Ct. at 1684–85.

MacTaggart was convicted under Conn. Gen. Stat. § 53-21(a)(2), which states as follows:

3

> Any person who . . . has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of . . . a class B felony . . . .

We have previously held that a violation of § 53-21(a)(2) qualifies as a crime of violence under 18 U.S.C. § 16(b) and, thus, constitutes an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(F). See Dos Santos v. Gonzales, 440 F.3d 81, 82 (2d Cir. 2006). Dos Santos reasoned that the child victim's inability to consent and likely inability to fend off the use of force created an inherent risk that violent force could be used to ensure compliance. See id. at 84–85.

MacTaggart contends that Dos Santos is no longer controlling for two reasons. First, he argues that Dos Santos did not apply the categorical approach because the court there considered the particular facts supporting conviction, which is precluded by subsequent authority. See Moncrieffe v. Holder, 133 S. Ct. 1678; Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010); Johnson v. United States, 559 U.S. 133 (2010). MacTaggart misreads Dos Santos, which recounts the facts of the case only in the background section of the opinion, see Dos Santos v. Gonzales, 440 F.3d at 82–83, without relying on those facts in conducting a categorical analysis of the statute, see id. at 83–86. Thus, Dos Santos's determination that § 53-21(a)(2) categorically defines an aggravated felony remains controlling.

Second, MacTaggart argues that an amendment to the statute's definition of "intimate parts"[1]—two months after our Dos Santos decision—broadened the conduct proscribed to allow conviction for mere contact with a child's urine, which requires no physical contact with a child so as to give rise to the substantial risk of violent force identified in Dos Santos.[2]   We are not persuaded.

As the Supreme Court has recently reiterated, the categorical approach's "focus on the minimum conduct criminalized by the state statute is not an invitation to apply 'legal imagination' to the state offense; there must be 'a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition.'"   Moncrieffe v. Holder, 133 S. Ct. at 1684–85 (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)); see Dos Santos v. Gonzales, 440 F.3d at 84. MacTaggart has not made such a showing of probability.   Certainly, he identifies no case in which § 53-21(a)(2) has been enforced against an individual for touching the

[1]  The term "intimate parts" is now defined as "the genital area or any substance emitted therefrom, groin, anus or any substance emitted therefrom, inner thighs, buttocks or breasts."   Conn. Gen. Stat. § 53a-65.

[2]  The government's contention that we lack jurisdiction to consider this argument under 8 U.S.C. § 1252(d)(1) because MacTaggart failed to exhaust it before the agency is defeated by our precedent.   See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 119–22 (2d Cir. 2006) (concluding that § 1252(d)(1) requires exhaustion only of remedies, while exhaustion of arguments is required only by judicial doctrine).   Nor has MacTaggart forfeited the issue under judicial doctrine, which does not bar our consideration of a "specific, subsidiary legal argument" that was not raised below, "particularly one that is purely legal and falls outside the [agency's] traditional area of expertise."   Gill v. INS, 420 F.3d 82, 87 (2d Cir. 2005).   MacTaggart argued before the agency that his conviction was not a crime of violence because the statute criminalizes a broader array of conduct than does the federal definition, and we will therefore consider his more specific subsidiary argument regarding the source of that alleged breadth.

5

bodily fluids of a child in the absence of any contact with the child, nor does he cite any case involving remotely similar facts. In any event, the statute proscribes only contact "in a sexual and indecent manner likely to impair the health or morals of [the] child." Conn. Gen. Stat. § 53-21(a)(2). MacTaggart fails to indicate how this element could be satisfied without the same concerns about inability to consent and risk of force that animated our decision in Dos Santos. See Dos Santos v. Gonzales, 440 F.3d at 84–85. Thus, the cited statutory amendment does not require reconsideration of our holding that § 53-21(a)(2) categorically defines a crime of violence under 18 U.S.C. § 16(b).

Accordingly, because MacTaggart's conviction is for an aggravated felony, we are without jurisdiction to review his challenge to the agency's denial of cancellation of removal and order of removal, or to vacate and remand to allow the agency to consider his eligibility for a waiver of removal under § 212(h) of the Immigration and Nationality Act.[3]

We have considered MacTaggart's remaining arguments, and we conclude that they are without merit. Accordingly, the petition for review is DISMISSED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] We would decline to remand in any event. See Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269–70 (2d Cir. 2007) (holding that inherent power to remand should not be exercised when basis for request is to allow introduction of new evidence and agency regulations provide reopening procedure for consideration of such evidence).